RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 08 2019

JAMES N. HATTEN, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTH GEORGIA DISTRICT
ATLANTA DIVISION

POMDREST J. HENRY,
Plaintiff

v.

INTERLOGIX,
Defendants

Case No - 1 19-CV-0681

## COMPLAINT

COMES NOW, Pomdrest J. Henry, Plaintiff above named, and files this civil action based on the Telephone Consumer Protection Act (TCPA.)

1. Pomdrest J. Henry, (Plaintiff) is a resident of the state of Georgia and a citizen of the United States of America - whose address is 3799 Main St 87429 - Atlanta, Georgia 30349.

2. Interlogix, Inc. is a foreign for profit corporation, currently revoked in the State of Georgia.

3. Interlogix, Inc. has a principal office address of 895 Tower Center Pkwy - Bradenton, Florida 34202. Its registered agent in Georgia is Corporation Service Company whose address is 40 Technology Parkway South - Suite 300 - Norcross, Georgia 30092.

4. The Plaintiff is entitled to the relief sought - as the Defendant(s) have shown a willful noncompliance to the Telephone Consumer Protection Act (TCPA) guidelines. The TCPA is codified as 47 U.S.C. § 227. The TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. *(Bell v. Atlantic Corp. v. Twobly 550 US 544, 570 (2007), 15 USC 1681(n)(a)(1)(A), 15 USC 1681(n)(a)(2)).*

6. The Plaintiff is entitled to the relief sought as the Defendant(s) have shown a willful noncompliance to the Telephone Consumer Protection Act by continuously placing calls to the Plaintiff for the purpose of solicitation, via automated telephone equipment, despite requests from Plaintiff to be removed from any and all calling lists. *Bell Atl. Corp. v. Twobly 550 US 544,570 (2007), 15 USC 1681(n)(a)(1)(A), 15 USC 1681(n)(a)(2).*

7. This Court has jurisdiction over this matter to enforce any liability created without regard to the amount in controversy as the action addresses the Telephone Consumer Protection Act.

8. The Plaintiff has been harmed by the actions of the Defendant(s).

9. This Court has federal question subject matter jurisdiction of this matter. *Mims v. Arrow Financial Services, LLC, ___ US ___, 132 S. Ct. 740, 181 L. Ed. 2d 881 (Jan. 18, 2012)*

10. Telephone Consumer Protection Act (TCPA) was designed to protect consumers from unwanted Text messages, telephone calls, and faxes.

11. The law provides statutory damages of $500.00 per call or text up to $1,500.00 if a Plaintiff is able to prove that the defendant willfully violated the law.

## HISTORY

On December 27th, 2018 , at approximately 2:00 p.m., the Plaintiff received one of many repeated phone calls.  Said calls either displayed different phone numbers, or there was a display of Scam Likely as the caller.

Plaintiff had been receiving robo calls from a company offering home services.  The recorded speaker was identified only as Sarah.  The calls were on the behalf of Interlogix - an affiliate of GE.

Plaintiff, on numerous occasions, had held for the completion of the recording in an effort to speak with an agent of the company.  Plaintiff had requested multiple times that the company remove the number from its call log / data base, to no avail.

recklessly enter the driveway of her personal home.

Plaintiff began to screenshot the call information, not only to have proof of the nuisance calls.  But additionally, Plaintiff attempted to call back to the company hoping to speak with a supervisor, make a complaint, and again request cessation of the calls.

When Plaintiff dialed the number(s) from which calls had been received, it was determined that the numbers that were displayed were Google Voice number, cell phone number that did not accept incoming calls, and other number that would be untraceable.

Telemarketing or advertising calls made using equipment which has the capacity to store or produce the phone numbers to be called, using a random or sequential number generator is considered an Automatic Telephone Dialing Systems (ATDS.)

Telemarketing or advertising calls made using an ATDS require prior express written consent ("PEWC"). Plaintiff did not give consent, written or otherwise, for this company to call her cell phone. Plaintiff did not give prior express consent ("PEC"), either.

Plaintiff also made multiple requests for the calls to cease. Instead of complying with the request of the Plaintiff, the calls continued and became more frequent. (See attachment - screenshots of several calls.)

WHEREFORE, Plaintiff prays that this Court grants the following relief:

1.  Award damages in the amount of three thousand US dollars ($3,000.00) - which amount to $500.00 per violation listed herein;

2.  Award $1,500.00 for willful noncompliance, as Plaintiff requested cessation of calls which, to date, have not stopped;

3.  Award punitive damages as this Court deems appropriate.

Respectfully submitted this 30th day of January, 2019.

Pomdrest J. Henry, Pro Se
3799 Main St 87429
Atlanta, Georgia 30337
678.733.0141
pjhenry@johnickie.com